UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:25-CR-114-FL-RJ

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **INDICTMENT** |
| | ) | |
| JUAREZ SANCHEZ-MONTIEL | ) | |

The Grand Jury charges that:

## COUNT ONE

On or about November 9, 2021, in the Eastern District of North Carolina, the defendant, JUAREZ SANCHEZ-MONTIEL, did knowingly subscribe as true under penalty of perjury, a false statement with respect to a material fact in an application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, that is:

1. On Part 3, question 1.a. of his Petition for U Nonimmigrant Status (Form I-918), in response to the question "Have you EVER...[c]ommitted a crime or offense for which you have not been arrested?" he answered "No," when in fact, as he then knew, he had committed statutory rape of a child who is 15 years of age or younger, and had committed a sexual act on a minor as a substitute parent or custodian, on or about May 1, 2016, in Montgomery County, North Carolina.

2. On Part 3, question 10.d. of his Petition for U Nonimmigrant Status (Form I-918), in response to the question "Have you EVER ordered, incited, called for, committed, assisted, helped with, or otherwise participated in any of the following: ... [e]ngaging in any kind of sexual conduct or relations with any person who was being forced or threatened?" he answered "No," when in fact, as he then knew, he had committed statutory rape of a child who is

1

15 years of age or younger, and had committed a sexual act on a minor as a substitute parent or custodian, on or about May 1, 2016, in Montgomery County, North Carolina.

All in violation of Title 18, United States Code, Section 1546(a).

## COUNT TWO

On or about November 9, 2021, in the Eastern District of North Carolina, the defendant, JUAREZ SANCHEZ-MONTIEL, while under penalty of perjury as permitted under 28 U.C.S. § 1746, did willfully subscribe as true a material matter which, at that time, he knew was not true, that is:

1. On Part 3, question 1.a. of his Petition for U Nonimmigrant Status (Form I-918), in response to the question "Have you EVER...[c]ommitted a crime or offense for which you have not been arrested?" he answered "No," when in fact, as he then knew, he had committed statutory rape of a child who is 15 years of age or younger, and had committed a sexual act on a minor as a substitute parent or custodian, on or about May 1, 2016, in Montgomery County, North Carolina.

2. On Part 3, question 10.d. of his Petition for U Nonimmigrant Status (Form I-918), in response to the question "Have you EVER ordered, incited, called for, committed, assisted, helped with, or otherwise participated in any of the following: ... [e]ngaging in any kind of sexual conduct or relations with any person who was being forced or threatened?" he answered "No," when in fact, as he then knew, he had committed statutory rape of a child who is 15 years of age or younger, and had committed a sexual act on a minor as a substitute parent or custodian, on or about May 1, 2016, in Montgomery County, North Carolina.

[remainder of page intentionally left blank]

2

All in violation of Title 18, United States Code, Section 1621(2).

A TRUE BILL:

REDACTED VERSION
Pursuant to the E-Government Act and the
federal rules, the unredacted version of
this document has been filed under seal.

FOREPERSON

_11/18/25_
DATE

W. ELLIS BOYLE
United States Attorney

BY: LORI B. WARLICK
Assistant United States Attorney

3